IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GEORGIOS N. DIAMANTOPOULOS, | ) ) ) | 8:14CV35 |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| NEBRASKA GOVERNOR, et al., | ) ) ) | |
| Defendants. | ) ) | |

    This matter is before the court on its own motion. On March 4, 2014, the court required Plaintiff to show cause why he is entitled to proceed in forma pauperis ("IFP") pursuant to the provisions of 28 U.S.C. §1915(g) ("§ 1915(g)"). (Filing No. 6.) In response, Plaintiff filed three Supplements and a Motion for Deportation Adjustment. (Filing Nos. 8, 9, 10, and 11.) The court has carefully reviewed Plaintiff's filings and finds that this matter should be dismissed.

### I.   BACKGROUND

    On February 3, 2014, while incarcerated, Plaintiff filed a Complaint (filing no. 1) and a Motion for Leave to Proceed IFP (filing no. 2). On March 3, 2014, the court ordered Plaintiff to either show cause why he is entitled to proceed IFP or pay the full $400 filing and administrative fees by April 4, 2014, or his case would be dismissed. (Filing No. 6.) The court's Memorandum and Order was based on the provisions set forth in § 1915(g), and also the court's finding that Plaintiff brought the following three cases while incarcerated, all of which were dismissed because they failed to state a claim upon which relief may be granted or because they were frivolous:

- *Rehbein v. Nelson, et al.*,[1] No. 4:95CV3157 (D. Neb.), dismissed on August 18, 1995. (Case No. 4:95CV3157, Filing Nos. 13 and 14 (*see* Docket Sheet).)

- *Diamantopoulos v. Director of Corrections, et al.*, No. 4:05CV3097 (D. Neb.), dismissed on May 13, 2005. (Case No. 4:05CV3097, Filing Nos. 9 and 10.)

- *Diamantopoulos v. State of Nebraska, et al.*, No. 8:07CV31 (D. Neb.), dismissed on October 14, 2008. (Case No. 8:07CV31, Filing Nos. 95 and 96.)

Petitioner has filed three Supplements and a Motion for Deportation Adjustment. (Filing Nos. 8, 9, 10, and 11.) In these documents, Plaintiff argues that he is not challenging his conviction nor filing a Section 1983 claim. (*Id.*) Rather, Plaintiff seeks to be deported. (*Id.*)

## II. ANALYSIS

A prisoner may not bring a civil action or proceed IFP if the prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in federal court that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). An exception is made for prisoners who are under imminent danger of serious physical injury. *Id.*

In its previous Memorandum and Order, the court ordered Plaintiff to show cause why his case should not be dismissed pursuant to § 1915(g). (Filing No. 6.)

---

[1] Diamantopoulos is also known as Cary Nelson Rehbein. *See* Nebraska Department of Correctional Services, Inmate Locator, *at* http://dcs-inmatesearch.ne.gov/Corrections/InmateDisplayServlet?DcsId=35084 (last visited April 9, 2014) (*See also* Filing No. 1 at CM/ECF p. 7 (inmate number 35084).)

The court listed three cases brought by Plaintiff that were dismissed because they failed to state a claim upon which relief may be granted. (*Id*. at CM/ECF p. 2.) For Plaintiff to proceed IFP, he needed to show the court that any or all of the three dismissed cases do not meet the criteria set forth in § 1915(g) or, alternatively, that he faces imminent danger of serious physical injury.

In his responses, Plaintiff did not deny that, while incarcerated, he filed three cases that were dismissed because they failed to state a claim upon which relief may be granted or were frivolous. He also did not allege that he faces any danger of physical injury. Instead, he seeks to be deported. (Filing Nos. 8, 9, 10, and 11.) Plaintiff cannot obtain such relief (i.e. relief that would shorten his term of imprisonment) in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 480, 114 S.Ct. 2364 (1994) (explaining *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).[2] In light of the facts above, Plaintiff has not shown that he is entitled to proceed IFP, nor has he paid the full $400 filing and administrative fees. For these reasons, this matter must be dismissed.

---

[2]Indeed, Plaintiff appears to have filed this matter in an attempt to circumvent his numerous failed attempts to obtain relief under a petition for writ of habeas corpus. *See, e.g., Diamantopolous v. Nebraska*, No. 4:07cv3191 (Strom, J.) (dismissing Petitioner's sixth § 2254 petition on December 7, 2007, as a successive petition pursuant to 28 U.S.C. 2244(b)(3)(A)); *Diamantopolous v. Clarke*, No. 4:01cv3287 (Kopf, J.) (dismissing Petitioner's fifth § 2254 petition on September 3, 2002, as a successive petition pursuant to 28 U.S.C. 2244(b)(3)(A)); *Diamantopolous v. Nebraska Dep't of Corr., et al.*, No. 4:98cv3262 (Urbom, J.) (dismissing Petitioner's fourth § 2254 petition on October 14, 1998, as a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A)); *Rehbein v. Clarke*, 94 F.3d 478 (8th Cir. 1996), *aff'g* 855 F. Supp. 1066 (D. Neb. 1994) (affirming dismissal of Petitioner's third petition for writ of habeas corpus under principles concerning "abuse of the writ" before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice. All pending motions are denied as moot.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 9th day of April, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.